An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIAN PADILLA-CHAVEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65049

FILED

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery and resisting a public officer. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellant Julian Padilla-Chavez contends that insufficient evidence supports the jury's finding that he committed robbery for the purpose of promoting the activities of a criminal gang.[1] We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, evidence was presented that Padilla-Chavez was affiliated with the Tijuanitos, a criminal gang. *See* NRS 193.168(8)

_____

[1]We note that the judgment of conviction erroneously lists NRS 193.163, rather than NRS 193.168, as the statute which imposes the gang enhancement.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31103

(defining "criminal gang"). The gang perceives the area around Sparks Middle School as their territory and frequently asks individuals in the area where they are from in order to determine whether they are affiliated with a rival gang or are involved in gang activity. Testimony was presented that the gang asks where individuals are from in order to "instill fear and claim an area is theirs, and basically terrorize a neighborhood, to let them know they're in control."

On May 2, 2013, M.A. was watching a soccer game at Sparks Middle School. Padilla-Chavez left a group of peers, approached M.A., and asked him where he was from. M.A. replied "nowhere," and moved away from the group. Shortly thereafter, Padilla-Chavez approached M.A. again and asked him why he was still there after he had been told to leave the area. M.A. tried to run away, but Padilla-Chavez and another individual dragged him to an isolated area, beat him, and stole several items of his property.

We conclude that the jury could reasonably infer from the evidence presented that Padilla-Chavez robbed M.A. for the purposes of promoting, furthering, or assisting the activities of the Tijuanitos. *See* NRS 193.168(1). Circumstantial evidence may support a conviction, *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998), and the jury's verdict will not be disturbed on appeal where, as here, it is supported by sufficient evidence, *see Bolden v. State*,

97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).  Accordingly we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.　　　_____, J.
Douglas　　　　　　　　　　　　Cherry

cc:　Hon. Lidia Stiglich, District Judge
　　Scott W. Edwards
　　Attorney General/Carson City
　　Washoe County District Attorney
　　Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A